SHANK, Plaintiff-Appellant v. UNION CENTRAL LIFE INSURANCE
COMPANY, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3456.   Decided January 11, 1943.

David A. Guberman, Columbus, for plaintiff-appellant.
Arnold, Wright, Purpus & Harlor, Columbus, for defendant-appellee.

## OPINION

By GEIGER, P. J.

This case is before us on appeal on questions of law from the
decision of the court below.  The plaintiff in her petition alleges in
substance that the defendant is a life insurance corporation; that

on the 19th day of October, 1929, in consideration of the payment of an annual premium of $296.90, it insured the life of Homer Henry Shank in the sum of $10,000.00, payable on proof of death of said insured; that on the 1st day of June, 1931, said Homer Henry Shank died; that plaintiff was his wife; that up to the time of his death all premiums which accrued to said policy were paid and that in all other respects Shank had performed all the agreements and conditions of said policy; that plaintiff, the widow of Shank, on her part performed the conditions of said policy, except that the defendant, after the death of her husband, notified her that it was not liable on said policy, for the reason that the same had been lapsed before the death of the decedent and thereby defendant waived the presentation of plaintiff's proof of death; that no part of the policy has been paid and there is now due $10,000.00, with interest from June 2, 1931.

An amended answer is filed by the insurance company, in which it admits that on or about October 19, 1929, it issued to Homer Henry Shank its policy in the face amount of $10,000.00, in which his wife was named as his beneficiary; that the defendant notified the plaintiff that it was not liable on said policy by reason of the lapse of the policy prior to the death of Homer Henry Shank, and that the defendant has not paid the plaintiff any amount on account of said policy, although demand has been made. The company denies all other allegations, and for a defense avers that Homer Henry Shank made a written application for a policy of insurance for $10,000.00 to be issued in consideration of the payment in advance of an annual premium of $296.90; that in connection with said application he executed and delivered his promissory note in that sum, covering the first annual premium on said policy, and that the defendant delivered to him a receipt acknowledging the payment of said premium, and that the premium due and payable on said policy on September 9, 1930, has never been paid; that said policy contained the provision, "All premiums shall be payable in advance * * * ." "Failure to pay any of the first two years' premiums or installments thereof, shall avoid and nullify this contract." Wherefore defendant prays that the petition may be dismissed.

To this amended answer a reply was filed by the plaintiff admitting that the second premium on the policy issued by the defendant to her deceased husband came due on September 9, 1930, and that the policy contains the clauses set out in the defendant's amended answer.

Plaintiff denies that said premium has never been paid. Rather plaintiff avers that said policy contains the following provisions:

"B. 2. Grace. A grace of thirty-one days shall be granted for the payment of any premium after the first. In the event of the death of the insured during the days of grace the insurance shall be deemed

to be in force, and any unpaid premium for the current policy year shall be deducted from the sum payable."

Further, plaintiff avers that on October 9. 1930, the insured made a payment on the second premium and that thereafter on October 18, 1930, he made a second payment on said premium, both of which defendant accepted and thereby defendant waived the provision set out by it as a defense.

Further plaintiff avers that thereafter, without first notifying the insured that it intended to rely upon such provisions, defendant on or about December 6, 1930, notified the insured that the policy had lapsed, thereby misleading the insured and preventing him from paying the amount remaining due on said second premium. The prayer for judgment is repeated.

There is filed with these pleadings an agreed statement of facts which we will not state in full but in substance. The prefatory statement is that the facts are true, subject to the objections hereinafter specifically noted:

(1) On September 8, 1929, Shank made application to the company for a policy of insurance. Upon said application the defendant. on or about October 19, 1929, issued its policy, the same being issued in consideration of the payment of premiums as stipulated. Said policy is attached and marked Exhibit 1.

(2) In payment of the first premium on said policy the insured on September 9, 1929, executed his promissory note in the sum of $296.90, due December 9, 1929. The plaintiff objects to the facts stated on the ground of immateriality, incompetency and irrelevancy.

(3) Insured received defendant's receipt, a copy of which is attached.

(4) On December 24, 1929, the insured paid $2.50 as interest on the note and the same was extended by a new note for the same amount, due March 9, 1930. The plaintiff objects to the facts stated on the ground that the same are immaterial.

(5) On April 11th, insured made payment of $23.38 on principal of the note due Mch. 9, 1930, plus $4.45 interest and executed a new note dated March 9 in the amount of $273.52 due June 9th, 1930. The facts are objected to on the ground of immateriality.

On July 7, 1930, insured paid $20.90 on the principal of said note, marked Exhibit C and $4.10, interest, and executed a new note, dated June 9, 1930, in the amount of $252.68 due August 9, 1930. Objection is made to the same as immaterial.

(7) No further payments were made by the insured until October 9, 1930. at which time he made a payment of $57.68, and on October 18. 1930. at which time he made a payment of $50.00. The payment of $57.68 was credited by the defendant on said note by applying $52.62 as a payment on the principal, and $5.06 as interest;

said $50.00 payment was credited on the principal of said note. Objection is made to these facts as being immaterial.

(8) Defendant's agent to whom said payments of $57.68 and $50.00 were made, if called as a witness, would testify that each of said payments was made by the insured to apply on said note, Exhibit D. The facts are objected to on the ground that the same are immaterial.

(9) The only payments made by the insured and received by the company are those specified above.

(10) On November 6, 1930, defendant sent to the insured a paper, a copy of which is attached, marked Exhibit E.

(11) Insured died on June 1, 1931, survived by the plaintiff.

(12) Plaintiff, through her attorney, asserted a claim on September 21, 1940, which defendant denied on the ground that the policy had lapsed prior to the insured's death. The defendant agrees that by said denial of liability it waived the furnishing of proof of death.

(13) In connection with said policy the defendant set up as a reserve for the first policy year the sum of $20.60 for each $1000.00.

The insurance policy attached is in the usual form for $10,000.00 issued on the condition of the annual premium of $296.90 payable on the 9th day of September in each year during the life of the insured, or until ten full years' premiums shall have been paid, and of $280.00 annually on the 9th day of September thereafter. Section B of the policy provides for the premiums and dividends to the effect that all premiums shall be payable in advance, and deliver a receipt. Failure to pay any of the first two years' premiums or installments thereof shall void the contract. After two full years, premiums, on the failure to pay any subsequent premium, the policy shall lapse and its value be applied as set out in the section entitled "Policy values". "The note of the insured will be accepted in payment of the second and subsequent years' premiums, or part thereof, if the certificate value shall equal or exceed such note and any other indebtedness to the company." "Grace. A grace of thirty-one days shall be granted for the payment of any premium after the first. In the event of the death of the insured during the days of grace the insurance shall be deemed to be in force and any unpaid premium for the current policy year shall be deducted from the sum payable".

Section C covers policy values having special reference to reserve basis, surrender values, policy values, extended insurance, paid-up insurance, loans, options, credits for fractional premiums.

C 9 relates to the effect of the indebtedness and provides that if there be any indebtedness on the policy the cash value shall be reduced thereby. The paid-up value shall be reduced proportionately.

The first exhibit is a receipt for $296.90 being the amount of the first premium upon the policy continuing the said policy in force until the 9th day of September, 1930. It is provided:

"This receipt is not valid unless premium is paid and the receipt countersigned and dated the day of payment."

It is endorsed, "Paid at Columbus the 9th day of September, 1929". There are two other promissory notes attached, the last being dated June 9, 1930, and providing that "on or before two months after date I promise to pay $252.62, being for premium due on policy." There is endorsed in said note, "Balance, 150." Under date of November 6, 1930, there is a statement from the company to the insured stating that they "regret to be obliged to notify you that your insurance lapsed and became void on September 9, 1930."

Extensive briefs were filed by the parties in the court below.

On November 17, 1941, the cause came on to be heard upon the pleadings and agreed statement of facts and briefs, a jury being waived. Upon consideration, the court found for the defendant. A motion for a new trial was filed and overruled. A brief decision is filed by the court in which it is stated that the court concurs with the claim and contention of the defendant. "They are sound and logical. Further treatment by comment or opinion would be verbose and odious. On issues joined between the plaintiff and the defendant herein, the court finds for the defendant."

Notice of appeal on December 26th from the finding of the court in favor of the defendant and from the overruling of the motion for a new trial and from the order entering of final judgment, said appeal being on questions of law, lodged the case in this court.

Counsel for appellant has filed his assignment of errors under five different paragraphs, the first of which contains six subdivisons.

Counsel has filed three briefs aggregating 65 pages. Manifestly it will be impossible for this court to answer in detail all the arguments advanced. Often an excess of briefs leads to confusion and haziness in argument and possibly to an inability upon the part of the court to follow logically the arguments. In view of the length of the briefs we shall endeavor to confine our examination to those matters asserted by counsel as errors of the court below.

It will be recalled that there has been an agreed statement of facts with the prefatory statement that the facts are true, subject to objections noted. The first four subdivisions of the first assignment of errors relate to the alleged error in admitting as evidence the agreed statement of facts. Counsel bases his argument against the admissibility of said facts upon his assertion that the notes alluded to were illegal and void, and that, therefore, any testimony relating to them should have been excluded. The basis of his claim that the notes were void has reference to certain statutes providing for investment of insurance funds. The statutes referred to by counsel relate to reserves and investments of insurance companies, and provide that the company may not lend its funds where there is not sufficient reserve to protect the loan. The notes given by the decedent in payment of or security for the annual premium are not

such notes or investments as contemplated by these statutes, and, therefore, counsel's objection as to the introduction of the evidence, based upon the claim that the notes are illegal because not meeting the requirement of the statutes as to investment of insurance funds, fails. We need give no further consideration to this claim. The agreed statement of facts recited those things that were incident to the issuing and continuing of the insurance policy and involved agreements as to the giving and renewing of the several notes. We do not see that there was any error in the court in admitting in evidence those agreed statements of facts touching the giving and payment of the notes.

Subdivision (f) of assignment No. 1 is to the effect that the court erred in admitting as evidence paragraph 8 of the agreed statement stipulating that the defendant's agent would testify that the insured directed him to credit the last two payments upon the note, which payments are set-out in paragraph 7 of the agreed statement. Paragraph 7 is in effect that no further payments were made by the insured until October 9, 1930, at which time he made a payment of $57.68, and until October 18, 1930, at which time he made a payment of $50.00; that the payment of $57.68 was credited on the note in payment of interest and part of the principal and the $50.00 was credited on the principal of the note.

Paragraph 8, to which objection is made, is that the defendant's agent, to whom said payments were made, if called as a witness would testify that each of said payments was made by the insured to apply on said note, Exhibit D. As paragraph 8 stands, we believe it is incompetent. It merely states that the agent of the defendant, if called as a witness, would testify that the payments were made by the insured to apply on the note. We feel that under the facts as stated there was error in receiving as evidence the alleged statements of the defendant's agent as to the application of said payments, but that said error was not prejudicial.

This disposes of assignment No. 1 with all its subdivisions.

Assignments II, III, IV and V, all relate to the allegation that the finding of the court was contrary to the weight of the evidence and not supported thereby; was contrary to law, and further that the court erred in overruling the motion for a new trial. Counsel for appellant has gone to great length in discussing many abstruse principles of insurance law which do not seem to the court to be remotely connected with the case. Much time is given to an attempt to differentiate the effect of a loan as against a note given for the payment of a premium. No good purpose can be achieved by departing from what are the obvious facts in this case, to follow uncertain and obscure theories that lead ultimately to the plaintiff's claim that the first premium was paid, that the second was paid in part, and that the company had no right to apply other payments, which would have kept the policy in force beyond the death of the decedent, upon the unpaid promissory note. We are of the

opinion that the defendant had the right to credit upon the unpaid premium notes those small payments which were made at infrequent intervals, as have been heretofore stated, and that giving the plaintiff full credit for all the payments made by him, it will be developed that the insurance lapsed and became void on the 9th day of September, 1930. The decedent died on the first day of June, 1931. The last note given by Mr. Shank, Exhibit D, was dated June 9, 1930, due on or before two months after date for $250.62. There is a notation on said note in lead pencil, presumably entered by the agent of the company, that there is a balance of $150.00 due thereon, being the balance after crediting on said note the several small payments heretofore set out. We can not escape the conclusion that the policy lapsed in accordance with its provision, after allowing grace, on September 9, 1930. At first blush it may seem a hardship on the insured that his policy should have lapsed so short a time before his death, but he had the benefit of insurance from the issuing of the policy until the date of its cancellation, and that he was in default at the time of cancellation, at least $130.10.

We are under obligation to counsel for plaintiff for furnishing us an interestnig discussion of insurance law in reference to the payment of premiums and the cancellation of a policy for its nonpayment, but he failed to convince us that the policy was in force at the time of the death of decedent.

It might be pertinent to observe that nearly ten years elapsed between the time the insured was notified of the cancellation of the policy until an action was brought to recover on the policy. We can not escape the conclusion that counsel's ingenuity convinced himself that he might recover on behalf of this widow after nearly ten years had passed since the death of the decedent.

All other assignments of error examined and overruled.

Judgment affirmed.

BARNES and HORNBECK, JJ., concur.